# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| Lisa Cox, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Penn Credit Corporation,; and DOES 1-10, inclusive, | : |
| Defendant. | : |

## COMPLAINT

Plaintiff, Lisa Cox, says by way of Complaint against Defendant, Penn Credit Corporation, as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

2. This Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy as Defendant's violations of the FDCPA pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Jersey.

## PARTIES

4.     Plaintiff, Lisa Cox (hereafter "Ms. Cox"), is an adult individual residing in Pedrickton, New Jersey, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     Defendant, Penn Credit Corporation (hereafter "Defendant"), is a Pennsylvania business entity with an address of 916 South 14th Street, Harrisburg, Pennsylvania 17104, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

7.     Ms. Cox incurred a financial obligation that was primarily for family, personal or household purposes, which was a "debt" as defined by 15 U.S.C. § 1692a(5).

8.     Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Ms. Cox.

9.     Defendant then made numerous attempts to collect the debt from Ms. Cox, each of which was a "communication" as defined by 15 U.S.C. § 1692a(2).

10.    In or around January and February 2010, Defendant left two prerecorded messages on Ms. Cox's home voicemail stating, "This is an attempt to collect a debt. If you are not Lisa Cox, please hang up."

11.    Ms. Cox did not give the Defendant permission to call her home phone number.

12.    Ms. Cox did not give the Creditor permission to call her home phone number.

13.    After the Defendant left its second message, Ms. Cox returned Defendant's call from her work phone telephone number.

14. During that call, Ms. Cox did not authorize the Defendant to call her work telephone number.

15. Defendant was rude and abusive when speaking with Ms. Cox.

16. Ms. Cox asked for verification of the Debt.

17. Defendant stated that Defendant had previously sent letters and was not required to provide any additional information regarding the debt.

18. Ms. Cox did not receive any letters from Defendant prior to the call.

19. Every Sunday from on or about February 13, 2010 through April 18, 2010, Defendant left the following automated voice message on the central voicemail of Ms. Cox's employer: "This is an attempt to collect a debt. If you are not Lisa Cox, please hang up."

20. The receptionist at Ms. Cox's workplace listened to these messages and forwarded them to Ms. Cox.

21. After receiving a letter describing the debt, Ms. Cox paid the Defendant the debt, which was approximately $35.00.

22. The Defendant left one automated message – identical to the message set forth in Paragraph 19 of this complaint – on the central voicemail of Ms. Cox's employer after Ms. Cox paid the debt.

23. Ms. Cox has suffered actual damages including, but not limited to, humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, and unjustified and abusive invasions of personal privacy as a result of Defendant's illegal collection communications enumerated above.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

24. Ms. Cox incorporates by reference all of the allegations set forth above as if fully set forth herein.

25. Defendant contacted Ms. Cox at a place and during a time known to be inconvenient for Ms. Cox, in violation of 15 U.S.C. § 1692c(a)(1).

26. Defendant contacted Ms. Cox at her place of employment, knowing that Ms. Cox's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

27. Defendant communicated with individuals other than Ms. Cox, Ms. Cox's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

28. Defendant used profane and abusive language when speaking with Ms. Cox, in violation of 15 U.S.C. § 1692d(2).

29. Defendant misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

30. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. Ms. Cox is entitled to damages as a result of Defendant's violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

32. Ms. Cox incorporates by reference all of the allegations set forth above as if fully set forth herein.

33. The Restatement of Torts, Second, § 652(b) ascribes liability for intrusion upon seclusion where one individual, "intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns," and further states that "[said individual] is subject to

liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

34. New Jersey further recognizes Ms. Cox's right to be free from invasions of privacy. Thus, Defendant violated New Jersey state law.

35. Defendant's telephone calls to Ms. Cox were so persistent and repeated with such frequency as to be considered, "hounding [Ms. Cox]," and "a substantial burden to [his] existence," amounting to an invasion of privacy as defined by the Restatement of Torts, Second, § 652(b).

36. Defendant's conduct of engaging in the foregoing illegal collection activities resulted in multiple invasions of privacy that would be considered highly offensive to a reasonable person.

37. As a result of the intrusions and invasions enumerated above, Ms. Cox is entitled to actual damages from Defendant in an amount to be determined at trial.

38. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Ms. Cox is entitled to punitive damages from Defendant.

**COUNT III**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, et seq.**

39. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Without prior consent the Defendants made telephone calls to the Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(B).

41. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

42. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Ms. Cox prays that judgment be entered against Defendant awarding her:

1. Actual damages including, but not limited to, the emotional distress she has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5. Liquidated damages;

6. Punitive damages; and

7. Such other and further relief that the Court may deem just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 12, 2010

                                  Respectfully submitted,

                                  By: /s/Jennifer Kurtz

                                  Jennifer Kurtz, Esq.
                                  Lemberg & Associates LLC
                                  1100 Summer Street
                                  Stamford, CT 06905
                                  Phone: (732) 390-5262
                                  Fax:    (203) 653-3424